UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10476-RGS

UNITED STATES OF AMERICA

v.

ANGEL RIVERA-VALLE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE

January 12, 2021

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is a recently enacted (December 21, 2018) exception. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP) or by a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person

or the community. Rivera-Valle, who is 27 years old and who has served less than one-quarter of the 64-month sentence imposed by the court on September 8, 2020, does not fit the eligibility criteria that apply to the second statutory category of inmate.

In his motion,[1] Rivera-Valle asks that his committed sentence be reduced to home confinement because of the threat of infection posed by the COVID-19 virus in a prison setting. Although Rivera-Valle claims to be at medical risk, his documented ailments, namely obesity and hypertension, are neither uncommonly grave nor life-threatening. Moreover, he has previously contracted COVID-19 and has fortunately recovered which greatly reduces, although may not entirely eliminate, his prospect of being reinfected. The gravamen of Rivera-Valle's complaint is that prisons and jails, have suffered outbreaks of COVID-19 and that as a prisoner he runs an elevated risk of an infection living in close quarters with other inmates. While his concerns are understandable, they are not "extraordinary and compelling."

---

[1] Rivera-Valle has yet to be transferred from Wyatt to the custody of the BOP. Under the circumstances, the government agrees that Rivera-Valle has no practical means to exhaust his ordinary remedy of submitting a release petition to the Warden of the facility to which he will be ultimately assigned.

Rivera-Valle's convictions are based on his trafficking in substantial quantities of fentanyl, an extremely dangerous and addictive drug. I also note that Rivera-Valle's proposal that he be released to return immediately to the Dominican Republic to care for his adolescent sister would effectively eliminate any future supervision or monitoring of his activities.[2]

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not. In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools they need to make these difficult and, at times, heart-wrenching decisions.[3] Rivera-Valle does not meet any

---

[2] Rivera-Valle's principal argument for release is the claim that he is the only adequate available caretaker for his thirteen-year-old sister who lives now with her grandmother in the Dominican Republic. As the government points out, Rivera-Valle has presented no medical or other documentation of his sister's mental or physical health or the circumstances of the grandmother who is her present custodian.

[3] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). As I have previously noted, I think the late Chief Justice Ralph Gants of the Massachusetts Supreme Judicial Court summarized the considerations admirably in reminding us that "in conducting . . . de novo review [of a detention decision], a judge must give

3

of mandated eligibility criteria and, therefore, is not a candidate for compassionate release.

Because I can foresee no circumstances under which Rivera-Valle could be deemed eligible at present for compassionate release, I see no reason for a hearing on the matter.

### ORDER

For the foregoing reasons, the Motion for Compassionate Release is DENIED.

SO ORDERED.

/s/ Richard G Stearns_____
UNITED STATES DISTRICT JUDGE

---

careful consideration not only to the risks posed by releasing the defendant – flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." *Christie v. Commonwealth*, 484 Mass. 397, 398 (2020). The Chief Justice's admonition is equally pertinent in weighing the balancing factors that underlie a motion for compassionate release. Here I believe that it is the community that bears the greater risk should Rivera-Valle be prematurely released.